

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DREAMMA LYNN MONTGOMERY,

      Petitioner,

v.                               Case No. 2:04-cv-00626
                                   Case No. 2:02-cr-00274

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, filed pursuant to 28 U.S.C. § 2255, on June 18, 2004 (docket sheet document # 87). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge to make proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

On January 27, 2003, Movant, Dreamma Lynn Montgomery (hereinafter "Defendant"), pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). (# 29). On May 19, 2003, Defendant was sentenced to 140 months of imprisonment, followed by a three-year term of supervised release. (# 52). No appeal concerning Defendant's conviction or sentence was filed in the United States Court of Appeals for the Fourth Circuit. Defendant was represented in her federal criminal proceedings by court-appointed counsel, Wells H. Dillon.

On June 18, 2004, Defendant, proceeding pro se, filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (# 87). In the motion, Defendant claims, inter alia, that Mr. Dillon was asked to file a direct appeal on her behalf, but failed to do so. (Id. at 4).

On July 14, 2004, the United States was directed to file a response. (# 90). On August 18, 2004, the United States filed a Response to Defendant's section 2255 motion. (# 91). The Response indicates that "the United States believes the interests of justice would best be served by granting a limited award of collateral relief necessary to allow defendant to pursue a direct appeal of her sentence." (# 91 at 2). No reply was filed by Defendant.

On September 28, 2004, the undersigned granted Defendant's Motion for Appointment of Counsel (# 94), and on October 10, 2004, attorney Christopher S. Morris was appointed to represent Defendant. (# 95).

## ANALYSIS

In United States v. Peak, the United States Court of Appeals for the Fourth Circuit held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." 992 F.2d 39, 42 (4th Cir. 1993). The appropriate remedy in such a case involves vacating the original Judgement Order and re-entering it, to

restore the movant's right to appeal.

The Supreme Court of the United States modified this rule somewhat in Roe v. Flores-Ortega, 528 U.S. 470 (2000). In that case the Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. * * *

> [W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. * * *

> We similarly conclude here that it is unfair to *require* an indigent perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 480, 486. [Emphasis in original.] The Fourth Circuit followed the Flores-Ortega holding in United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000). In Miller v. United States, 150 F. Supp.2d 871, 880 (E.D.N.C. 2001), the court interpreted Witherspoon to "strongly suggest[] that advice about appeal should be given after sentencing."

The Response of the United States indicates, that its counsel has consulted with Mr. Dillon, and while he does not believe that his client did request an appeal, there is no documentation in his file to refute that allegation. (# 91 at 2-3). According to the

Response, Mr. Dillon acknowledged that Defendant was cooperating with the United States and hoped to benefit from a motion for reduction of sentence for substantial assistance. He further acknowledged that it is possible that Defendant misunderstood the process. (Id. at 3).

The Response by the United States further asserts:

> Although the United States does not concede that Mr. Dillon, in fact, violated his responsibilities to his client, the United States also acknowledges, however, that there is a possibility that the communication regarding the direct appellate process became confused during that stage of the representation. Accordingly, the United States believes the interests of both justice and judicial economy would be best served by avoiding an evidentiary hearing and granting defendant the relief she seeks. Accordingly, the United States will not oppose an award of collateral relief sufficient to grant defendant the opportunity to file a direct appeal of her sentence. To satisfy that condition, the United States will not oppose the re-entry, therefore, of the district court's original Judgment Order.

(Id. at 3).

Based upon the representations of counsel for the United States, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to relief under United States v. Peak, 992 F.2d 39 (4th Cir 1993). It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's § 2255 motion, only as to her claim concerning the denial of a direct appeal.

In Ground Two of her section 2255 motion, Defendant raises the following claim: "My attorney refused to talk to myself or anyone in my family, therefore not obtaining information that might of

[sic; have] helped my case and ensured a different outcome." (# 87 at 4). The motion further states: "He [Mr. Dillon] refuses to accept phone calls from myself or my family - pre-paid or collect. This has been ongoing since before sentencing. I believe that had it not been for ineffective assistance of counsel, the outcome of my case may of [sic; have] been very different." (Id. at 3). Thus, Defendant has raised a claim of ineffective assistance of counsel concerning issues other than the failure to file a direct appeal.

Claims of ineffective assistance of counsel are generally not considered on direct appeal. See United States v. King, 119 F.3d 290, 293 (4th Cir. 1997)(Section 2255 motion is the preferred method for review of ineffective assistance of counsel claims); see also, United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998)(a defendant may raise a claim of ineffective assistance of counsel on direct appeal only where it conclusively appears from the record that counsel provided ineffective assistance). As it is presently stated, Defendant's claim is conclusory and insufficiently pled.

Defendant is advised that she should work with her appointed counsel to raise all appropriate claims for relief in her direct appeal. Defendant is further advised that, following the exhaustion of her direct appeal rights, she may then, if necessary, raise any claim of ineffective assistance of counsel in another section 2255 motion.

The United States Supreme Court is presently considering two cases which may affect the application of the Federal Sentencing Guidelines to Defendant's case. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge await the Supreme Court's rulings in <u>United States v. Booker</u>, No. 04-104 and <u>United States v. Fanfan</u>, No. 04-105, before vacating and reimposing Defendant's sentence.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder</u>

v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Dreamma Lynn Montgomery, and to counsel of record.

Nov. 22, 2004
_____
Date

Mary E. Stanley
_____
Mary E. Stanley
United States Magistrate Judge